UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

SHENG-WEN CHENG,

                      Plaintiffs,

          -v-

LUKAS CASH,

                     Defendants.

----------------------------------------------------------------------X

23-CV-2150 (JMF)

ORDER

**JESSE M. FURMAN, United States District Judge:**

       Defendant was required to answer the Second Amended Complaint ("SAC") by December 11, 2023, *see* ECF No. 22, but has not done so to date.  As a courtesy, and in light of the intervening holidays, Defendant's deadline to answer is hereby EXTENDED, *nunc pro tunc*, to **January 19, 2024**.  The Court will invite Plaintiff to move for default judgment if Defendant fails to appear and answer the SAC by that deadline.

       If Defendant chooses to proceed *pro se* — i.e., without the assistance of counsel — he may wish to reference the attached documents, including guides and templates for filing an Answer or a responsive motion.  Defendant may also contact the Pro Se Law Clinic (which is housed in the Courthouse but run by the New York Legal Assistance Group) by phone at (212) 659-6190.

       The Clerk is directed to mail a copy of this Order to Plaintiff at his address on record, and to Defendant at 121 Hidden Road, Andover, MA 01810.

       SO ORDERED.

Dated: January 2, 2024
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

*Pro Se* Office

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 230
New York, New York  10007

**J. MICHAEL McMAHON**
CLERK OF COURT

## HOW TO FILE AN ANSWER

An answer is a formal written response to the plaintiff's complaint in which the defendant responds to all of the allegations in the complaint and sets forth any defenses to all or part of plaintiff's claims.  An answer is filed by the defendant after s/he has been served with a copy of the complaint.  If you have been served with a summons and complaint, you have twenty (20) days to file an answer.  The United States government, its agencies, and employees have sixty (60) days to file an answer.  See Rule 12 of the Federal Rules of Civil Procedure.  If you have waived formal service of the summons and complaint by completing a waiver of service form sent to you by the plaintiff, you have sixty (60) days from when the waiver was sent to you to file an answer (or ninety (90) days if the defendant was sent the waiver outside of the United States).  See Rule 4(d) of the Federal Rules of Civil Procedure.  If you do not file an answer within the required time period, you may be in default, and the plaintiff may be able to obtain a default judgment against you.

In your answer, you must deny each statement in the complaint that is untrue and admit each statement that is true.  See Rule 8 (b) of the Federal Rules of Civil Procedure. If you do not have sufficient information either to admit or deny a statement in the complaint, you must still respond to that statement.  An appropriate response may be that you "do not have sufficient information or knowledge to admit or deny" the statement in the complaint. You should note that any statement in the complaint not specifically denied will be deemed admitted.

In addition to admitting or denying the allegations in the complaint, you should include in your answer any legal defenses you may have.  See Rule 8(c) of the Federal Rules of Civil Procedure.  A legal defense is one in which, even assuming the truth of plaintiff's allegations in the complaint, the law does not permit the plaintiff to win the case.  You should be careful in deciding whether to raise a defense.  Rule 12(b) of the Federal Rules of Civil Procedure states that certain defenses may be waived if you fail to raise them in the answer or a pre-answer motion.  In other words, if you fail to raise a legal defense in your answer, you may not be able to raise it later in the case.

1

You may also include in the answer any counterclaims you may have against the plaintiff.  See Rule 13 of the Federal Rules of Civil Procedure.  A counterclaim is a claim that a defendant has against a plaintiff that arises out of the same events or transactions.  The answer should also include any claims you may have against other defendants, called cross-claims, or any claims you may have against someone not already in the lawsuit, called third-party claims.  See Rule 14 of the Federal Rules of Civil Procedure.

A sample answer form is attached as a guide, and an answer form is attached for your use.  Before filing your answer, you must send a copy to the plaintiff (if plaintiff is appearing *pro se*) or plaintiff's attorney (if plaintiff is represented by counsel).  To file your answer, you may deliver it in person or send it by mail to the *Pro Se* Office.  You must attach a completed affirmation of service to the original answer you file with the court.

**Note:** *If you need more time to file your answer, you should ask the plaintiff (or plaintiff's attorney if the plaintiff is not appearing pro se) to consent to an enlargement of time.  See Rule 6 (b). If plaintiff will not consent, you can make a motion for an enlargement of time (The Pro Se office has separate instructions for preparing a motion). You should check your Judge's Individual Practice for further guidance on making a motion.*

If you are appearing *pro se* (without an attorney), you must notify the Court and the other parties in writing.  You must complete a Notice of Appearance form and send copies to the other parties (if they are appearing *pro se*) or their attorneys (if they are represented by counsel).  You must then attach a completed affirmation of service form to the Notice of Appearance and deliver it in person or send it by mail to the *Pro Se* Office for filing.  A Notice of Appearance form is attached for your use.

If you have any questions, please contact the *Pro Se* Office, (212) 805-0175, during business hours, 8:30am - 5:00pm, Monday - Friday (except federal holidays).  Please note that the *Pro Se* Office cannot accept collect calls.

*Rev. 07/2007*

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**[SAMPLE]**

Jane Doe
_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

John Smith and Larry Jones
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

_07_ Civ. _1234_ (ABC) (DE)

**ANSWER**

**I**

**ADMISSIONS AND DENIALS**

*In this section, state which factual allegations in the complaint you admit to and which factual allegations you deny. You should refer to the complaint paragraph by paragraph (and sentence by sentence within each paragraph), in the same order as the paragraphs and sentences appear in the complaint. Attach additional sheets of papers as necessary.*

1.  The defendant admits that he is a teacher at New York High School in New York City.  The defendant does not know whether the other information in paragraph 1 of the complaint is true or false.

2.  The defendant admits that this court has subject matter jurisdiction over this lawsuit.

3.  The defendant denies that his principal place of business is in Brooklyn, New York.

4.  The defendant admits the allegations in paragraph 4 of the complaint.

5.  The defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 5 of the complaint.

## II
### DEFENSES

*In this section, state any legal theories that, even assuming that what plaintiff has alleged in the complaint is true, do not permit the plaintiff to win the case. Attach additional sheets of paper as necessary.*

FIRST DEFENSE:

    This Court lacks venue over this action.

SECOND DEFENSE:

    The statute of limitations bars this action in that the events described in the complaint occurred more than three years before the lawsuit was commenced.

    **WHEREFORE** defendant asks this Court to dismiss the complaint and enter judgment in favor of defendant.

*[If you have any counterclaim against the plaintiff that arises out of the same events or transactions stated in the complaint, and/or any crossclaims against the other defendants that arise out of the same events or transactions stated in this complaint, and/or any third-party claims you have against third-parties (that is, someone not already named in the lawsuit) that arise out of the same events or transactions stated in the complaint, you should attach additional sheets of paper to set forth the facts and bases for any such claims. See the Pro Se Manual for a further explanation.]*

## III
### COUNTERCLAIMS

1. Plaintiff is the owner of a green and white Oldsmobile, New York license plate number 3G-R2D2.
2. On January 15, 2002, plaintiff was driving his Oldsmobile in a negligent manner and collided with defendant on Flatbush Avenue in Brooklyn, New York.
3. As a result of the collision defendant was knocked down, broke his arm and suffered great pain of body and mind.
4. As a result of the collision, defendant was prevented from teaching, his sole source of income, and incurred expenses for medical attention, hospitalization, and physical therapy in the sum of $175,000.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 1  day of   July        , 20 07 .

               Signature of Defendant _____    /s/ John Smith_____

               Address            35 Cherry Tree Lane_____

                             Bronx, New York   11112_____

               Telephone Number       (718) 555-0000_____

               Fax Number (if you have one) _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

____ Civ. _____ (___) (___)

**ANSWER**

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*


**I**

**ADMISSIONS AND DENIALS**

*In this section, state which factual allegations in the complaint you admit to and which factual allegations you deny. You should refer to the complaint paragraph by paragraph (and sentence by sentence within each paragraph), in the same order as the paragraphs and sentences appear in the complaint.  Attach additional sheets of papers as necessary.*

1.  _____

2.  _____

3.  _____

4.  _____

5.  _____

6.  _____

7.  _____

8.  _____

9.  _____

10. _____

*Rev. 05/2007*                                      1

## II
### Defenses

*In this section, state any legal theories that, even assuming that what plaintiff has alleged in the complaint is true, do not permit the plaintiff to win the case. Attach additional sheets of paper as necessary.*

FIRST DEFENSE:

_____

SECOND DEFENSE:

_____

THIRD DEFENSE:

_____

**WHEREFORE** defendant asks this Court to dismiss the complaint and enter judgment in favor of defendant.

*[If you have any counterclaim against the plaintiff that arises out of the same events or transactions stated in the complaint, and/or any crossclaims against the other defendants that arise out of the same events or transactions stated in this complaint, and/or any third-party claims you have against third-parties (that is, someone not already named in the lawsuit) that arise out of the same events or transactions stated in the complaint, you should attach additional sheets of paper to set forth the facts and bases for any such claims. See the Pro Se Manual for a further explanation.]*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Defendant _____

Address                     _____

                           _____

                           _____

Telephone Number      _____

Fax Number (if you have one) _____

*Rev. 05/2007*                                    2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

\_\_\_\_ **Civ.** _____ **(\_\_\_) (\_\_\_)**

- against -

**NOTICE OF APPEARANCE**

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

Please take notice that I, _____, a defendant in

*(name)*

this action, hereby appear *pro se* and that all future correspondence and papers in connection with this action are to be directed to me at the address indicated below.

Dated: _____, _____

            *(town/city)*      *(state)*

_____ \_\_\_\_, 20\_\_\_

_____

*Signature of Defendant*

_____

*Address*

_____

*City, State & Zip Code*

_____

*Telephone Number*

_____

*Fax Number (if you have one)*

*Rev. 05/2007*               3



**United States District Court**
**Southern District of New York**

# MOTIONS

> This guide is intended to be a summary of basic procedures for motion practice. The statements in this guide do not constitute legal advice and may not be cited as legal authority. This guide does not take the place of the Federal Rules of Civil Procedure, this court's Local Civil Rules, or the individual rules of practice and orders of the judges of this court. Parties using this guide remain responsible for complying with all applicable rules of procedure.

## Introduction to Motions

### What is a motion?

- A motion is a formal way for a party to ask the court to do something. Generally, any time a party wants the court to do something in a case, that party must make a motion. See Fed. R. Civ. P. 7(b). Some types of motions — the types most often made in cases involving litigants without lawyers — are discussed in this packet.

### What is a dispositive motion?

- A "dispositive" motion means that if the court grants the motion, judgment will be entered with respect to certain claims or defenses, or even with respect to the entire case. Dispositive motions include motions to dismiss and motions for summary judgment.

- Other types of motions, such as a motion to amend the complaint or a motion for an extension of time, are "nondispositive," which means that the decision on the motion will not ordinarily result in judgment or dismissal of any part of the case.

### What are the steps for making a motion?

- Motions must be made in writing, except for those made during a hearing or a trial. See Fed. R. Civ. P. 7(b).

  - First, the party who makes the motion (called the "moving party" or "movant") files the motion, explaining what the moving party wants the court to do and why the court should do it.

  - Second, the opposing party files papers opposing the motion, explaining why the court should not grant the motion.



- o Third, the moving party may file reply papers responding to the arguments made in the opposition papers. At that point, neither side may file any more documents related to the motion without permission from the court.

## Will there be oral argument on the motion?

- After all of the motion papers are filed, the court will typically decide the motion based solely on the arguments in the papers. In some cases, the court may schedule a conference where each side appears in the courtroom and states their arguments in person (this is called "oral argument").

- In either case, the court may decide the motion either in a written decision or by announcing the decision in the courtroom during a conference.

## How do I file and serve motion papers?

- Unless you have applied for and received permission to file your documents electronically, you should mail or deliver all papers to the Pro Se Intake Unit. The Clerk's Office will scan and docket your papers, and if the other parties have lawyers, they will be served with your papers electronically.

- If any other parties do not have lawyers, you must serve those parties with paper copies of your documents.

## When will the court decide the motion?

- Given how many cases each judge is assigned, it may take a while before the court decides a motion.

# Making a Motion

## How do I make a motion?

- First, you must determine the legal basis for bringing the motion. Some of the most common types of motions brought by plaintiffs without lawyers are motions for extensions of time, motions to compel compliance with discovery requests, and motions to amend a complaint.

- Second, you must check the Local Civil Rules and the judge's individual rules of practice to determine whether you are required to request a conference or take some other step before making your motion. If, for example, you would like to make a motion concerning a discovery issue, you must first write a letter to the judge. See Local Civil Rule 37.2. In some cases, a formal motion is not required, and you may make a motion simply by writing a letter.

- Third, you must draft your motion papers, which are described next.



## What documents do I need to file to make a motion?

- Under Local Civil Rule 7.1, unless the court makes an exception, all motions must include the following motion papers:[1]

  - **Notice of Motion:** This notice (usually just one page) specifies (1) the rules or statutes under which the party is bringing the motion, and (2) what the party is asking the court to do. A Notice of Motion form is attached to this guide.

  - **Memorandum of Law:** The memorandum of law describes the cases, other authorities, and arguments that support the party's position. This is often referred to as a "brief."

  - **Declaration:** A declaration (sometimes called an "affirmation") is a statement made under penalty of perjury that contains factual information relevant to the motion. The declaration may also include attached exhibits. A declaration is only required if factual information is necessary for the court to decide the motion.

- All motion papers must include a caption, the docket number, and the initials of the district judge and any magistrate judge before whom the case is pending, and have the name, address, telephone number, and email address (if available) of each person signing it clearly printed or typed below the signature. See Fed. R. Civ. P. 7, 10, 11; Local Civil Rule 11.1.

- Motion papers should also include a title next to or below the caption; for example, "Notice of Motion for Extension of Time" or "Declaration in Support of Motion to Dismiss." (Local Civil Rule 11.1 describes other formatting requirements for typewritten motions.)

- Certain types of motions may be made by letter. Check the Local Civil Rules and the individual rules of practice of the judge.

- If you are the one who made the motion, you are entitled to file a reply, responding to arguments that the other side made in its opposition papers.  Unless the judge set a different schedule or includes different deadlines in his or her individual rules of practice, a reply is generally due seven days after the opposition is served. Your reply should consist of a memorandum of law or declaration (or both).

---

[1] The Clerk of Court will not refuse to accept your papers simply because they do not exactly comply with these rules. See Fed. R. Civ. P. 5(d).



# Opposing Motions

## How much time do I have to oppose a motion?

- Unless otherwise ordered by the judge or specified in the judge's individual rules of practice, opposition to most motions must be filed within 14 calendar days after you are served with the motion papers. Check Federal Rule of Civil Procedure 6 and Local Civil Rule 6.1, as well as the judge's individual rules of practice, if you are unsure how much time you have to respond to a motion.

- If you need additional time to meet a motion deadline, you should ask the party who made the motion for an extension of time. If that party agrees, you and that party can submit the agreement to the court to get its approval of the proposed schedule. If that party does not agree, you may write a letter to the judge asking for an extension of time.

## What documents do I need to file to oppose a motion?

- Unless the court makes an exception, you will need to file a memorandum of law to oppose a motion. In your memorandum of law, you will describe the cases, other authorities, and arguments that support your position that the motion should not be granted.

- If factual information is necessary for the court to decide the motion (if, for example, the defendant has moved for summary judgment), you may also need to submit one or more declarations. You may attach additional evidence as exhibits to the declarations.

- After you file your opposition, the party who made the motion may file a reply. You cannot "oppose" or respond to reply papers without permission from the court.

# Motions to Dismiss (Rule 12)

- In a motion to dismiss, the defendant argues that, even if everything you allege in your complaint is true, there are legal defects that require the court to dismiss your complaint (for example, the allegations in your complaint do not state a constitutional violation). See Rules 12(b) and 12(c) of the Federal Rules of Civil Procedure.

- The defendant may move to dismiss before filing an answer (under Federal Rule of Civil Procedure 12(b)) or after (under Federal Rule of Civil Procedure 12(c)).



- If you need to add facts to your complaint to oppose the motion to dismiss, you should describe the additional facts in a proposed amended complaint and submit that document with your memorandum of law.

## Motions for Summary Judgment (Rule 56)

- In a motion for summary judgment, a party (usually, but not always, a defendant) argues that the court should decide the case without a trial, because the undisputed facts show that the other party is not entitled to a verdict in that other party's favor. See Rule 56 of the Federal Rules of Civil Procedure.

- With some exceptions, motions for summary judgment are normally made after discovery has concluded.

- To successfully oppose a motion for summary judgment, you need to present the evidence, through declarations or exhibits, that demonstrates that there are disputes over important facts and therefore a trial is needed.

- In addition to the other documents required to make a motion, a party's motion for summary judgment must include a statement in the form required by Local Civil Rule 56.1 (a 56.1 statement).

- In the 56.1 statement, the moving party must list, in individually numbered paragraphs, important facts that the party argues are not in dispute.

- To oppose a motion for summary judgment, in addition to a memorandum of law, you must submit your own statement responding to the other party's 56.1 statement.

  o In paragraphs numbered to correspond with the other party's 56.1 statement, you must state whether you agree or disagree with each factual statement.

  o If you agree with the statement, you may just write "agree" as to the particular numbered paragraph.

  o If you disagree with the statement, you must identify evidence that supports your version of the facts. You may cite to your own sworn statement (such as a declaration made under penalty of perjury), deposition testimony, witness affidavits, or other documents as evidence to demonstrate that there is a dispute concerning that statement of fact. All of this evidence must be submitted to the court. You may do this by filing a declaration signed under penalty of perjury, to which each piece of evidence is attached as a separate exhibit.

  o For example, if the defendant states: "1. The light was green when defendant entered the intersection," the plaintiff can either write: "1. Agree." or something like: "1. Disagree. The light was red when the defendant entered the intersection. See Police Accident Report, attached to plaintiff's declaration as Exhibit A."



- If you do not respond to the other party's 56.1 statement, or if you do not respond to a particular paragraph, the court may consider the opposing party's factual statement to be true.

- If you believe that you need access to additional information to oppose the motion, you must file a declaration stating what information you need and why you need it to oppose the motion. See Fed. R. Civ. P. 56(d). Usually, filing such a declaration is appropriate only if the motion was made before discovery ended.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

**NOTICE OF MOTION**

_____

_____

Write the full name of each defendant or respondent.

PLEASE TAKE NOTICE that _____ _____

plaintiff or defendant        name of party who is making the motion

requests that the Court:

_____

Briefly describe what you want the court to do. You should also include the Federal Rule(s) of Civil Procedure or the statute under which you are making the motion, if you know.

In support of this motion, I submit the following documents (check all that apply):

☐ a memorandum of law

☐ my own declaration, affirmation, or affidavit

☐ the following additional documents:

_____

Dated

Name

Address

Telephone Number (if available)

Signature

Prison Identification # (if incarcerated)

City            State       Zip Code

E-mail Address (if available)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Fill in above the full name of each plaintiff or petitioner.

-against-

Case No. _____ CV _____

_____

_____

_____

_____

Fill in above the full name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)                           Signature

Name                                          Prison Identification # (if incarcerated)

Address                     City              State        Zip Code

Telephone Number (if available)               E-mail Address (if available)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

**NOTICE OF MOTION**

_____

_____

Write the full name of each defendant or respondent.

PLEASE TAKE NOTICE that _____   _____

plaintiff or defendant      name of party who is making the motion

requests that the Court:

_____

Briefly describe what you want the court to do. You should also include the Federal Rule(s) of Civil Procedure or the statute under which you are making the motion, if you know.

In support of this motion, I submit the following documents (check all that apply):

☐ a memorandum of law

☐ my own declaration, affirmation, or affidavit

☐ the following additional documents:

_____              _____
Dated                               Signature

_____  _____
Name                                Prison Identification # (if incarcerated)

_____  _____   _____   _____
Address                             City         State        Zip Code

_____  _____
Telephone Number (if available)     E-mail Address (if available)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Fill in above the full name of each plaintiff or petitioner.

-against-

Case No. _____ CV _____

_____

_____

_____

_____
Fill in above the full name of each defendant or
respondent.

# DECLARATION

_____

_____
Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 6/30/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____          _____

Executed on (date)               Signature

_____          _____

Name                             Prison Identification # (if incarcerated)

_____          _____

Address          City          State          Zip Code

_____          _____

Telephone Number (if available)          E-mail Address (if available)



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

