```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
SHENG-WEN CHENG,                                                     :
                                                                     :
                                  Plaintiff,                         :   23-CV-2150 (JMF)
                                                                     :
                   -v-                                               :   MEMORANDUM OPINION
                                                                     :   AND ORDER GRANTING
LUKAS CASH,                                                          :   PRO BONO COUNSEL
                                                                     :
                                  Defendant.                         :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On February 26, 2024, Plaintiff submitted an application for counsel. *See* Docket No. 35. The application is GRANTED, and the Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff for the limited purpose of default judgment motion practice.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, indigent litigants are not entitled to counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for an indigent litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order

to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" — "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

On April 4, 2023, the Court granted Plaintiff's Request to Proceed *in Forma Pauperis* (IFP). *See* Docket No. 5. Plaintiff's IFP application indicates that he does not have the ability to hire an attorney.

In the Second Amended Complaint, Plaintiff alleges that Defendant "defrauded" him when, after receiving $105,000 as payment for "business advises [*sic*], public relations ('PR') and marketing services, and mentorships," Defendant "caused Plaintiff [] to default on []

contracts" with other firms "in order to benefit himself," and "eventually caused the bankruptcy of Plaintiff['s] companies, and the incarceration of Plaintiff."  Docket No. 16 ("SAC"), ¶¶ 2-10.  According to Plaintiff, Defendant held himself out to Plaintiff as "a successful entrepreneur and a millionaire," but "in fact is not successful, is not a millionaire, and lives off funds obtained from 'mentees' like Plaintiff."  *Id.* ¶ 2.  When Defendant "realized that he could no longer attract more funds and benefits from Plaintiff," he allegedly "ceased all communications and disappeared immediately."  *Id.* ¶ 7.  Based on these allegations, Plaintiff asserts claims for fraudulent inducement, fraudulent concealment, conversion, unjust enrichment, breach of an implied contract, breach of the implied covenant of good faith and faith dealing, promissory estoppel, breach of fiduciary duty, negligent misrepresentation, gross negligence, tortious interference with a contract, tortious interference with a prospective business relationship, and intentional and negligent infliction of emotional distress.  *Id.* ¶¶ 17-88.

Because Plaintiff is currently incarcerated, the Court instructed the Clerk to "deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant."  Docket No. 17, at 2.  The Marshals Service then served Defendant via mail and obtained a signed confirmation from Defendant that he "received a summons and complaint" on October 10, 2023.  Docket No. 22, at 2.

By Order dated January 2, 2024, the Court noted that Defendant had failed to appear or answer the SAC by the original deadline of December 11, 2023, and granted him a *nunc pro tunc* extension to January 19, 2024, "in light of the intervening holidays."  Docket No. 27.  On January 10, 2024, Plaintiff filed a premature motion for default judgment.  Docket No. 28.  When, by January 25, 2024, Defendant had still not answered the SAC, the Court "deem[ed] Plaintiff's motion properly filed," and set a deadline for Defendant to oppose the motion and a

3

date for a default judgment hearing.  Docket No. 32.  On February 16, 2024, it came to the Court's attention that, contrary to the Court's direction to the Clerk in that last Order, the Order was "never, in fact, mailed to Defendant."  Docket No. 34.  In light of this, the Court granted Defendant an extension until March 15, 2024, to oppose Plaintiff's default judgment motion, and adjourned the default judgment hearing to March 28, 2024, at 3:00 p.m.  *Id.*  On February 26, 2024, Plaintiff filed the instant application for counsel.  Docket Nos. 35, 37.

Here, Plaintiff has amply demonstrated "his efforts to obtain a lawyer" by submitting numerous "letter that [he] sent to multiple law firms that practice in the Southern District of New York," and those law firms' "rejection letters."  Docket No. 37, at 4-17; *see Cooper*, at 877 F.2d at 172.  And while Plaintiff has demonstrated some "ability to gather the facts and deal with the issues" through his filings thus far, *id.*, the Court is mindful that he has "no access to [the] internet while incarcerated" and "no friends []or family that can assist [him] with this matter," Docket No. 37, at 2.  Finally (and perhaps most importantly), although Defendant has not appeared, it is possible (if not likely) that he is also pro se.  In light of that, the above procedural history, and the default judgment posture of this case, the Court believes that representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for counsel is GRANTED, and the Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff.  The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers.  Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff.  If an attorney volunteers, the attorney will contact Plaintiff directly.  There is no guarantee, however, that a volunteer attorney will decide to take

the case, and plaintiff should be prepared to proceed with the case pro se.  The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants.  The Fund is especially intended for attorneys for whom pro bono service is a financial hardship.  *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.]

The default judgment hearing currently scheduled for March 28, 2024, at 3:00 p.m. is hereby **ADJOURNED** *sine die*, while the Clerk of Court works to locate pro bono counsel to represent Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff, and to terminate Docket No. 35.

SO ORDERED.

Dated: March 11, 2024
New York, New York

_____
JESSE M. FURMAN
United States District Judge